**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENCH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 12-3022 |
| | (D.C. Nos. 2:08-CR-20126-CM-JPO-1 |
| DAVID A. KOSTELEC, | & 2:10-CV-02014-CM) |
| | (D. Kan.) |
| Defendant-Appellant. | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

David A. Kostelec, a federal prisoner proceeding pro se, seeks to appeal the

district court's dismissal of his Fed. R. Civ. P. 60(b) motion as an unauthorized

second or successive 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2255(h) (placing

restrictions on second or successive § 2255 motions and requiring circuit court

authorization to proceed in district court). We deny a certificate of appealability

(COA) and dismiss this proceeding.

Mr. Kostelec pleaded guilty to four counts involving conspiracy, wire

fraud, making false statements to a federally insured financial institution, and

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

identity theft. He did not appeal, but proceeding pro se, he filed a § 2255 motion. The district court denied the motion, holding that some of the claims were barred by the waiver of the right to bring a § 2255 motion in Mr. Kostelec's plea agreement and that those claims that were outside the scope of the waiver did not establish ineffective assistance of counsel.

Mr. Kostelec did not immediately learn about the denial of his § 2255 motion. Once he discovered the decision, he filed a Rule 60(b) motion. In addition to noting certain alleged errors in the court's order, the Rule 60(b) motion stated that the court had neglected to decide one of the claims presented in the § 2255 motion. The district court held that the Rule 60(b) motion was attempting to assert unauthorized second or successive § 2255 claims and dismissed it for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Kostelec now requests a COA from this court. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). To obtain one, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("[A] petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) . . . the issues presented were adequate to

deserve encouragement to proceed further." (brackets and internal quotation marks omitted)).

A prisoner's post-conviction filing (however entitled) should be treated like a second or successive § 2255 motion (and therefore subject to the authorization requirements of § 2255(h)) if it asserts or reasserts claims of error in the prisoner's conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 538 (2005); *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). But authorization under § 2255(h) is not required "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. In *Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006), this court held that an allegation that the district court failed to consider a habeas claim asserts a defect in the integrity of the federal habeas proceedings, and therefore it does not require authorization. Mr. Kostelec argues that his Rule 60(b) motion was not subject to § 2255(h) because it asserted that the district court failed to adjudicate one of the claims set forth in his § 2255 motion.

In light of *Spitznas*, reasonable jurists could debate whether the district court erred in declining to exercise jurisdiction over the failure-to-decide claim. But reasonable jurists could not debate whether the Rule 60(b) motion presents a valid failure-to-decide issue or deserves any further proceedings.

-3-

The Rule 60(b) motion asserted that the district court failed to decide "Claim 3(a)," which the Rule 60(b) motion characterized as an actual innocence claim. R., Vol. 1 at 100. In the § 2255 motion, however, Claim 3 was presented as a claim for ineffective assistance of counsel. *See id.* at 44 (describing claim 3 as ineffective assistance of counsel); *id.* at 53 (entitling argument "3. Ineffective Assistance of Counsel Led the Defendant to Enter an Unknowing and Involuntary Plea to Count Three"). In denying relief under § 2255, the district court addressed and rejected the alleged ineffective assistance. Therefore, the failure-to-decide allegation was meritless.[1]

The motion to proceed without prepayment of costs and fees is GRANTED. A COA is DENIED and this matter is DISMISSED.

Judge O'Brien dissents from the grant of leave to proceed without prepayment of costs and fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

---

[1]     To the extent that the Rule 60(b) motion attempted to raise a new claim of actual innocence, such claim was subject to § 2255(h). *See Gonzalez*, 545 U.S. at 532 ("A motion that seeks to add a new ground for relief . . . will of course qualify [for treatment as a second or successive habeas claim].").